COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE A. GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone: +1 310 883 6400
Facsimile: +1 310 883 6500

JOHN HEMANN (165823)
(jhemann@cooley.com)
AMY M. SMITH (287813)
(amsmith@cooley.com)
JUDD D. LAUTER (290945)
(jlauter@cooley.com)
GREG MERCHANT (341287)
(gmerchant@cooley.com)
JULIA THOMAS (353190)
(jthomas@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
First-Citizens Bank & Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST, | Case No. 3:25-CV-02267-SK |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| FIRST-CITIZENS BANK & TRUST COMPANY, | |
| Defendant. | |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

**2.1** **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2** **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3** **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4** **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.5** **Disclosure of Discovery Material:** all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.7** **"HIGHLY CONFIDENTIAL" Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.8** **House Counsel:** attorneys (as well as support staff) who are employed in a legal role by a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10** **Outside Counsel of Record:** attorneys (as well as support staff) who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.11** **Party:** any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, contractors, and Outside Counsel of Record (and their respective support staff).

**2.12** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.13** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14** **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

**2.15** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

### 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those documents or parts of material, items, or oral or written communications that qualify—so that other documents and portions of the material, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2** **Manner and Timing of Designations.**

Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)** For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to all pages of any document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIALY" legend to all pages of any document that contains Protected Material.

**(b)** for testimony given in deposition or in other pretrial or trial proceedings, that

the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, that the transcript is provisionally designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and then the Designating Party has 30 days from receiving the official transcript to designate appliable portions "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Portions of the transcript not so designated after 30 days will not be considered protected testimony.

(c)     for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

### 5.3    Inadvertent Failures to Designate.

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1    Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unreasonable economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 6.2    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation, including the document Bates number, it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in

accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### 6.3 Judicial Intervention.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall follow the meet and confer and joint requirements in this Court's Standing Order, dated November 15, 2024.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (Final

Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**(a)**    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and Professional Vendors;

**(b)**    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(c)**    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(d)**    the court and its personnel;

**(e)**    court reporters and their staff, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**(f)**    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and,

**(g)**    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record and Professional Vendors to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of the Receiving Party (1) who have no involvement in competitive decision making; and (2) to whom disclosure is reasonably necessary for this litigation, including support staff of those individuals;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment to be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, and professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment to be Bound" (Exhibit A);

(f) the author and recipient of document containing the information or a custodian or other person who appears to have otherwise possessed the information based on the face of the document, the document's metadata, or sworn witness testimony;

(g) during their depositions, witnesses, and attorneys for the witnesses in the action, to whom disclosure is reasonably necessary provided the witness and the attorney sign the "Acknowledgment to be Bound" (Exhibit A);

(h) any employee or representative of a Party (1) who has been disclosed to, and received consent from, the Designating Party to view "HIGHLY CONFIDENTIAL" information in the presence of Counsel and/or review summaries or analysis of the same by Counsel, and (2) who has signed the "Acknowledgment to be Bound" (Exhibit A) or a variation thereof as agreed by the Parties, provided that the disclosure of "HIGHLY CONFIDENTIAL" information may only

be made to the employee or representative under the following conditions: the employee or representative may not (i) discuss or disclose the contents of the HIGHLY CONFIDENTIAL materials with any other individual (except Counsel and Experts as defined in paragraph 2.6), or (ii) use the HIGHLY CONFIDENTIAL materials for any purpose other than in connection with the prosecution, defense, or participation in the litigation, or (iii) maintain copies of, HIGHLY CONFIDENTIAL materials. Any notes taken on HIGHLY CONFIDENTIAL information must be sequestered and shall be subject to Section 13 ("Final Disposition") of this Protective Order.

**8.    PROTECTED MATERIAL SUBPOENAED, ORDERED, OR FORMALLY REQUESTED TO BE PRODUCED**

If a Party is served with a subpoena, other formal request—including one issued by any arbitral, administrative, regulatory, or legislative body—or a court order, issued in other litigation that requests or compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

**(a)**    promptly notify in writing the Designating Party, unless the subpoena, court order, or entity requesting the documents requires that no notice be provided, or notice is otherwise precluded by law;

**(b)**    when notice is permitted, such notice shall include a copy of the subpoena or court order;

**(c)**    promptly notify in writing the party who caused the subpoena, or order, or formal request to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**(d)**    cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating

Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as requirement, authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of privileged information, and the production of privileged information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply. Instead, inadvertence will be determined solely based on the good faith representation of the Producing Party.

(a) This Order will not serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of Privileged Information before production.

(b) Federal Rule of Civil Procedure 26(b)(5)(B) governs the proper procedure for the notification and return of privileged information when identified by the Producing Party.

## 12. MISCELLANEOUS

### 12.1 Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### 12.2 Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground

not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3    Filing Protected Material.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**12.4    Modification of Deadlines.**

The Parties may agree in writing to extend any deadline contained in this Protective Order provided such extension does not interfere with a specific deadline otherwise directed by the Court.

**12.5    Disclosures to Government.**

Nothing contained herein shall be construed to preclude a party from:

(a)    disclosing information as required by law or requested by a government agency, entity, official or self-regulatory organization, including but not limited to the Department of Justice, the Securities and Exchange Commission, the Federal Deposit Insurance Corporation, or any agency Inspector General; or

(b)    complying with the terms of any agreement with a government agency, entity, official or self-regulatory organization, including but not limited to the Department of Justice, the Securities and Exchange Commission, the Federal Deposit Insurance Corporation, or any agency Inspector General.

**12.6 Existing Obligations.**

The Protective Order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a Party may owe another Party or Non-Party. To the extent they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this Protective Order. This Protective Order and its terms shall not prohibit or restrict any Party or its Counsel from initiating communications directly with, responding to any inquiry from, or providing testimony before any state or federal regulatory authority as permitted or required by law.

**13. <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) confirms all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration). Counsel need not search their email or disaster recovery systems to comply with this Order provided that any remaining Protected Material contained in such emails or disaster recovery system remains subject to the provisions of this Order.

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated: December 23, 2025             COOLEY LLP

By:   */s/ Bobby Ghajar*
       Bobby Ghajar

COOLEY LLP
Bobby Ghajar (198719)
Colette A. Ghazarian (322235)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    +1 310 883 6400
Email: bghajar@cooley.com

John Hemann (165823)
Amy M. Smith (287813)
Judd D. Lauter (290945)
Greg Merchant (341287)
Julia Thomas (353190)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Email: jhemann@cooley.com
       amsmith@cooley.com
       jlauter@cooley.com
       gmerchant@cooley.com
       jthomas@cooley.com

Attorneys for Defendant
First-Citizens Bank & Trust Company

Dated: December 23, 2025     KEKER, VAN NEST & PETERS LLP


By: */s/ Robert A. Van Nest*
Robert A. Van Nest

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest - # 84065
rvannest@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff
SVB FINANCIAL TRUST


## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 23, 2025

The Honorable Sallie Kim
United States Magistrate Judge

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT B [For Mr. Kahn]**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I am not serving as a trustee for any entity other than Plaintiff, and I am not and will not be involved in licensing negotiations with third parties.  I do not serve as a trustee, consultant, or employee of any bank or financial institution, and if I obtain employment from, or provide consulting or trustee services for, a bank or financial institution prior to the final disposition of this litigation, I will provide First Citizens with reasonable notice and an opportunity to object before I begin providing services for the bank or financial institution.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____